UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL C.[1],

      Plaintiff,

    v.                                                                20-CV-186 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

## DECISION AND ORDER

Plaintiff Michael C. brought this action under 42 U.S.C. §§ 405(g) and

1383(c)(3) of the Social Security Act, seeking review of the decision made by the

Commissioner of the Social Security Administration finding that he was not

disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 5. The

Commissioner responded and cross-moved for judgment on the pleadings, to which

Plaintiff replied. Dkts. 8, 9. For the reasons below, the Court grants in part and

denies in part Plaintiff's motion and denies the Commissioner's cross-motion.


## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Title II Disability

Insurance Benefits ("DIB") and his application for Title XVI Supplemental Security

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing
Order regarding the naming of plaintiffs in Social Security decisions, this decision
and order identifies Plaintiff by first name and last initial.

Income ("SSI"), filed on January 23, 2016 and January 25, 2016, respectively.[2]  Tr. 149-57.[3]  Plaintiff's applications were initially denied, and he requested a hearing before an administrative law judge ("ALJ").  Tr. 111-18, 122-23.

Following the hearing, in which Plaintiff was represented by counsel, ALJ Gregory Moldafsky issued a decision finding that Plaintiff was not disabled.  Tr. 15-24.  Plaintiff's request for Appeals Council Review was denied, after which he commenced this action.  Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I.    District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive when supported by substantial evidence.  *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019).  "Substantial evidence" is "more than a mere scintilla" and "means

---

[2] Plaintiff applied for both DIB and SSI.  To receive DIB, a claimant must show that he became disabled while meeting the Act's insured status requirements.  *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022).  SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level."  *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).  The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs.  *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 4 is the transcript of the proceedings before the Social Security Administration.  All references to Dkt. 4 are hereby denoted "Tr. __."

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   **Disability Determination**

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial work activity" is work activity that involves significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). If the ALJ finds that the claimant is engaged

in substantial gainful activity, the claimant cannot claim disability.  20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Absent such impairment, the claimant may not claim disability.  *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 416.920(c).  If such criteria are met, then the claimant is declared disabled.  20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis.  The ALJ must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is capable of performing past relevant work, then the claimant is not disabled.  20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3).  If the ALJ finds that the

claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience.  20 C.F.R. §§ 404.1560(c), 416.960(c).  Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of January 20, 2016.  Tr. 17.  He also found that Plaintiff suffered from the following severe impairments: osteoarthritis of both knees, lumbar degenerative disc disease, and obesity.  Tr. 17.  The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  Tr. 19.

Finally, after considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following exceptions:

> [Plaintiff] can stand and walk only 4 hours in an 8-hour workday; he can only occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; occasionally push/pull with the bilateral lower extremities; occasionally stoop, balance, kneel, and crouch; never crawl; never work at unprotected heights; and have only occasional exposure to extreme cold or wetness.

Tr. 19.

The ALJ found that Plaintiff could perform past relevant work as a car salesman and as a purchasing agent, and he concluded that Plaintiff was not disabled as defined by the Act from his alleged disability onset date of January 20, 2016, through the date of his decision.  Tr. 23.

## II.   Plaintiff's Argument

Plaintiff makes two arguments for judgment in his favor.  Dkt. 5-1.  First, he argues that the ALJ improperly evaluated the opinion of consultative examiner Hongbiao Liu, M.D.  *Id.* at 7.  Second, Plaintiff claims that the ALJ improperly evaluated the opinion of consultative examiner Gregory Fabiano, Ph.D., and in doing so, failed to consider adequately the impact of all Plaintiff's severe and non-severe impairments.  *Id.* at 11.  As set forth below, remand is appropriate because the ALJ failed to account for Dr. Liu's moderate limitation for overhead reaching in Plaintiff's RFC.[4]

---

[4] Because the Court concludes that the ALJ failed to account for Dr. Liu's moderate limitation in overhead reaching, it declines to address Plaintiff's remaining arguments.  *See Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020).

### III.   Analysis

Plaintiff argues that the ALJ improperly evaluated the opinion of consultative examiner Dr. Liu. Dkt. 5-1, at 7.  An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Nora A. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 85, 93 (W.D.N.Y. 2021).  The ultimate RFC determination does not need to "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.*  The ALJ is not a medical professional, however, and is therefore "not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 590 (W.D.N.Y. 2018).

Dr. Liu opined that Plaintiff had a "moderate limitation for prolonged walking, bending, kneeling, and overhead reaching," and that he should "avoid dust and other irritating factors to limit asthma attacks." Tr. 273.  The ALJ gave "significant weight" to the portion of Dr. Liu's opinion concerning Plaintiff's postural limitations, finding that it was "generally consistent with the medical records as a whole as well as the physical exam findings showing no significant deficits in gait, motor strength, reflexes[,] or sensation." Tr. 22.

Plaintiff argues that Dr. Liu's use of the terms "moderate" and "prolonged" made his opinion too vague for the ALJ to rely upon in crafting Plaintiff's RFC.  *See* Dkt. 5-1, at 8.  Contrary to Plaintiff's assertion, the terms "moderate" and "prolonged" are generally found to be consistent with a claimant's ability to perform "light work." *See, e.g., Rayshown M. v. Comm'r of Soc. Sec.*, No. 6:20-CV-07001,

2022 WL 4298263, at *4 (W.D.N.Y. Sept. 19, 2022) ("In fact, courts in this Circuit have repeatedly upheld an ALJ's decisions [*sic*] that a claimant could perform light work when there was evidence that the claimant had moderate difficulties in prolonged standing, walking, sitting, bending, or lifting.") (collecting cases); *see also White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (summary order) (affirming that a consultative examiner's finding of "moderate limitations" in standing, sitting, and "performing other activities" was consistent with the ALJ's conclusion that the claimant could perform light work"). As such, Dr. Liu's use of the terms "moderate" and "prolonged" did not cause the opinion to be so vague that the ALJ could not have used it in making the RFC determination.

Plaintiff also claims that the ALJ erred by not including an overhead reaching limitation as opined by Dr. Liu. *See* Dkt. 5-1, at 9. In the treating physician context, an ALJ must provide a "good reason" for not accepting a portion of a treating physician's opinion. *See Beckers v. Colvin*, 38 F. Supp. 3d 362, 372 (W.D.N.Y. 2014) ("[I]n rejecting the portion of [a treating physician's] opinion stating that Plaintiff would miss two to three days of work per month, the ALJ stated only that he gave little weight to that opinion[;] . . . [t]he ALJ failed to explain why he would adopt [the treating physician's] opinions concerning Plaintiff's marked limitations but reject her opinion that would likely lead to a finding of disability."). As for the opinions of consultative examiners, such as Dr. Liu, they are "not entitled to any particular weight, and an ALJ is free to discount those portions of the opinion that are not supported by the other evidence of record."

*Danielle S. v. Comm'r of Soc. Sec.*, 516 F. Supp. 3d 286, 291-92 (W.D.N.Y. 2021) (internal citation omitted).

This is a close case. The issue here is that the ALJ purported to give the portion of Dr. Liu's opinion containing a moderate limitation for overhead reaching "significant weight." Tr. 22. But the ALJ did not include a limitation for any type of reaching in his RFC finding, nor did he explain why he chose not to include such a limitation. *See Herb v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 441, 447-48 (W.D.N.Y. 2019) ("Despite giving 'great weight' to [the consultative examiner's] opinion, and thereby finding her assessment regarding Plaintiff's limitations for handling stress and making decisions credible, the ALJ failed to explain how these limitations are incorporated into the RFC."). The Court cannot conclude that this error was harmless, because the ALJ found that Plaintiff was capable of performing past relevant work as a car salesman or as a purchasing agent, both of which require frequent reaching. *See Dictionary of Occupational Titles* 273.353-010, 1991 WL 672465 (Jan. 1, 2016) (car salesman); *id.* 162.157-038, 1991 WL 647293 (Jan. 1, 2016) (purchasing agent); *but see Danielle S.*, 516 F. Supp. 3d at 292 ("[E]ven if the ALJ had incorporated Dr. Liu's opinion regarding Plaintiff's ability to reach [overhead] into her RFC finding, it would not have changed the conclusion that Plaintiff was not disabled as defined in the Act."). On remand, the ALJ must explain why he did not include Dr. Liu's moderate limitation for overhead reaching in Plaintiff's RFC or, in the alternative, explain why his failure to incorporate such a limitation would not have impacted his ultimate disability determination.

9

## CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 5) and **DENIES** the Commissioner's cross-motion for judgment on the pleadings (Dkt. 8). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:       December 29, 2022
             Buffalo, New York

                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE